**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50645 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-01697-GAF-3 |
| v. | |
| GEOFFREY C. MOUSSEAU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted April 6, 2015[**]
Pasadena California

Before: D.W. NELSON, TASHIMA, and CLIFTON, Circuit Judges.

Geoffrey Mousseau ("Mousseau") appeals pro se the district court's denial

of his motion to determine the enforceability of a restitution order and to lift a

restitution lien. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err in denying Mousseau's motion to discharge his restitution obligation and to lift the restitution lien. First, the Mandatory Victims Restitution Act ("MVRA") requires full, not partial, restitution. 18 U.S.C. § 3663A, 3771(a)(6); *United States v. Grice*, 319 F.3d 1174, 1177 (9th Cir. 2003) (per curiam). The district court does not have the authority to discharge a restitution obligation that is not fully satisfied. Here, the restitution obligation has not been fully satisfied.

Moreover, a civil settlement in bankruptcy court does not discharge the criminal restitution obligation mandated by the MVRA. A bankruptcy settlement subsequent to the imposition of restitution in criminal court does not waive the requirement of restitution. *See United States v. Edwards*, 595 F.3d 1004, 1014 (9th Cir. 2010); *see also United States v. Cloud*, 872 F.2d 846 (9th Cir. 1989) (holding "that the existence of a prior bankruptcy settlement does not preclude a subsequent criminal restitution order"). This is so because restitution serves penal objectives, such as deterrence, rehabilitation and retribution. *Edwards*, 595 F.3d at 1013 (citing *Cloud*, 872 F.3d at 854).

The district court did not err in designating the bankruptcy trustee as the victim. The district court directed Mousseau to remit payments to the trustee so that, in turn, the trustee could return the money to the estate's creditors. Moreover,

2

even if would have been more precise for the district court to refer to the trustee as the facilitator for the victims' recovery rather than the sole victim, this choice in language did not cause Mousseau harm. The district court properly credited all payments actually made pursuant to Mousseau's bankruptcy settlement, as well as payments by third parties, against Mousseau's restitution obligation. Even with these credits, however, Mousseau remains jointly and severally liable for the balance of money owed under the restitution order, an amount in excess of $720,000. Pursuant to the MVRA, the district court cannot discharge a prior restitution order that is not fully satisfied. Any error was harmless.

**AFFIRMED.**